COPY

3-8

CAUSE NO. 429-01031-2011

| MONTE R. WOOD, JR. and KELLIE M. WOOD, | § | IN THE DISTRICT COURT |
|---|---|---|
| Plaintiffs, | § | |
| v. | § | 429 JUDICIAL DISTRICT |
| CITIMORTGAGE, INC. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | § | |
| Defendants. | § | COLLIN COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL VERIFIED PETITION

NOW COMES, MONTE R. WOOD, JR. AND KELLIE M. WOOD ("Plaintiffs"), and for their causes of action against the Defendants named herein, would respectfully show unto the Court as follows:

## I.

## DISCOVERY

1.1. Plaintiffs request that discovery be conducted under Level 2 pursuant to the Texas Rules of Civil Procedure.

## II.

## PARTIES

2.1. Plaintiffs are residents of Collin County, Texas, and currently reside and all relevant times hereto have continuously resided at 219 Tanglewood Drive, Wylie, Texas 75098 ("Property"), and legally described, to wit:

FILED

2011 MAR -8 AM 9:06

COLLIN COUNTY, TEXAS
BY ______ DEPUTY

BEING LOT 27 IN BLOCK B OF RUSH CREEK ESTATES, PHASE II, AN ADDIION TO THE CITY OF WYLIE, COLLIN COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME E, PAGE 22, OF THE MAP RECORDS OF COLLIN COUNTY, TEXAS;

which Property is the Plaintiffs' homestead property.

2.2. Defendant CITIMORTGAGE, INC. ("CitiMortgage"), is a mortgage lender or servicer doing business in the State of Texas, and may be served with process by serving its registered agent, CT Corporation Systems, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201. Defendant CitiMortgage purports to be the owner of the Property pursuant a Substitute Trustee's Deed as more fully described hereinafter, as well as the servicer of the Promissory Note and Deed of Trust at the time of the alleged foreclosure sale made the subject of the lawsuit as more fully described hereinafter.

2.3. Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), is a Delaware corporation and purports to be acting solely as nominee for Principal Residential Mortgage, Inc., one of the assignee Lenders as more fully described hereinafter, and according to the Texas Secretary of State, Defendant MERS is not authorized to do business in the State of Texas, does not maintain a registered agent in the State of Texas, nor a principal office address in the State of Texas, but rather has only registered its name with the Texas Secretary of State. Further, according to the Texas Secretary of State, the party that registered Defendant MERS' name in the State of Texas is Loan Star Information Services, P.O. Box 2072, Austin, Texas 78768, which upon information and belief, may accept service of process on behalf of Defendant MERS. Defendant MERS purports to be the owner and holder of the Promissory Note and Deed of Trust at the time of the alleged foreclosure sale as more fully described hereinafter.

III.

**JURISDICTION AND VENUE**

3.1. This Court has subject matter jurisdiction of this cause because all of Plaintiffs' causes of action and all relief sought thereunder are each within the jurisdictional limits of this Court.

3.2. Venue is proper in Collin County, Texas, because all of the acts, events or omissions which give rise to Plaintiff's causes of action occurred or were obligated to occur in Collin County, Texas. In addition, the Property made the subject of this lawsuit is located in Collin County, Texas.

IV.

**BACKGROUND**

4.1. On or about June 23, 1999, Plaintiffs purchased the Property and received a General Warranty Deed from D.R. Horton-Texas, Ltd. to evidence their fee simple title and ownership of the Property, and executed a Promissory Note in the original principal amount of 136,616.00, to the order of Service First Mortgage Corporation (original Lender), and a Deed of Trust of even date to obtain the purchase money to purchase the Property. The Note and Deed of Trust are hereinafter collectively referred to as the "Loan." True and correct copies of the Warranty Deed and Deed of Trust are attached hereto marked Exhibit "A" and incorporated herein by reference for all purposes.

4.2. On or about June 1999, the original lender, Service First Mortgage Corporation, purported to execute a Corporation Assignment of Real Estate Mortgage ("First Assignment") to Principal Residential Mortgage Inc., an Iowa corporation. **This First Assignment contains no date of execution and no date showing when the notary public allegedly notarized the instrument** (emphasis added), but was recorded in the official real property record of Collin County, Texas on June 30, 1999. A true and correct copy of First Assignment is attached hereto marked Exhibit "B"

and incorporated herein by reference for all purposes.

4.3. On or about April 1, 2002, Plaintiffs and Principal Residential Mortgage, Inc., executed a Loan Modification Agreement to modify certain terms of the Note and Deed of trust as more fully set forth therein, including specifically that the new principal balance of the loan as of that date was $144,659.47. The Loan Modification Agreement was erroneously filed of record in Dallas County, Texas, on or about April 26, 2002, and then a certified copy of the same was refiled of record in Collin County, Texas, on or about October 25, 2010. A true and correct copy of the Loan Modification Agreement is attached hereto marked Exhibit "C" and incorporated herein by reference for all purposes.

4.4. On or about April 22, 2002, Principal Residential Mortgage Corporation, purported to execute an Assignment of Deed of Trust ("Second Assignment") to Defendant MERS, *"as nominee for Principal Residential Mortgage, Inc., its successors and assigns."* (emphasis added), and recorded the same in the official real property records of Collin County, Texas on or about May 23, 2002. A true and correct copy of Second Assignment is attached hereto marked Exhibit "D" and incorporated herein by reference for all purposes.

4.5. On or about December 27, 2006, Defendant MERS purportedly executed an Assignment of Note and Deed of Trust ("Third Assignment") to Defendant CitiMortgage. Interestingly, **this Third Assignment was purportedly executed by Cindy Constantino, as Vice President of Defendant MERS, who upon information and belief, appears to actually be an officer, director or employee of Defendant CitiMortgage, and NOT Defendant MERS, as the address at which the Third Assignment was actually executed is the exact address of the home offices of Defendant CitiMortgage and NOT Defendant MERS, and is located in an altogether**

**different state from the address listed as Defendant MERS' home address on the Second Assignment, which states that Defendant MERS is located in Flint, Michigan (*see* Exhibit "D").** (emphasis added). Moreover, on page 2 of the Third Assignment, the notary public acknowledges that it was, *"given under my hand and seal of office on January 2, 2007"* (emphasis added), **yet the hand-written (emphasis added) date of assignment on page 1 shows it to have been executed on December 27, 2006, and NOT on January 2, 2007, as sworn to by the notary public** (emphasis added), all of which raises serious concerns and doubts as to the veracity of the actual date of execution, the authority of the person executing the instrument and fraud of the part of the notary public who allegedly acknowledged its execution. A true and correct copy of the Third Assignment is attached hereto marked Exhibit "E" and incorporated herein by reference for all purposes.

4.6. On or about May 2009, Plaintiffs suffered a financial and economic hardship because Plaintiff Monte R. Wood, Jr. suffered a stroke, which caused him to be unable to work for about six months. However, Plaintiffs received supplemental disability income for the next six (6) months of approximately 80% of Plaintiff Monte R. Wood, Jr.'s normal salary, so they continue to timely make all the monthly Loan payments.

4.7. After returning to work in approximately December 2009, Plaintiff Monte R. Wood, Jr.'s disability income was dramatically reduced, and given that he was still unable to fully perform all of his job duties and works as a salesman on commission, over the course of the next several months his salary significantly decreased to the point where the Plaintiffs were not able to keep up with the monthly Loan payments.

4.8. On or about May 2010, Plaintiffs contacted Defendant CitiMortgage to discuss their financial situation and seek a resolution to their impending monthly payment problem. At that time,

because they were still current in their monthly loan payments, Defendant CitiMortgage advised that it could not offer them any type of assistance or relief, even though Plaintiffs had made it very clear that they were not going to be able to continue to make the monthly loan payments. In fact, Plaintiffs were actually told by representatives of Defendant CitiMortgage to call them back after they stopped making the payments for several months and then they might be able to get some help.

4.9. On or about September 2010, Plaintiffs once again called Defendant CitiMortgage and sought help because they had done exactly what they were told to do back in May 2010, i.e. not make any more payments. At that time, September 2010, Plaintiffs then completed a financial workout request and submitted all of their financial information and documentation to Defendant CitiMortgage. For the next four months, Plaintiffs thereafter continuously and frequently followed up with Defendant CitiMortgage and called to inquire about their request for assistance with their monthly loan payments. Plaintiffs were repeatedly told and assured that their request was being reviewed and that someone would get back to them.

4.10. **At no point did Plaintiffs ever receive from Defendant CitiMortgage, or any of its agent or attorneys, any notice of default or opportunity to cure letter by certified mail advising them that the their Loan was in default, nor inform them of the action necessary to cure the default, nor provide them with any time frame or date certain by which the default needed to be cured, nor advise Plaintiffs of their right to reinstate the Loan even after acceleration, nor of their right to bring a court action to assert the non-existence of default.** (emphasis added).

4.11. On or about November 15, 2010, unknown to Plaintiffs, Defendant CitiMortgage, through its attorneys, Barrett Daffin et al., purportedly accelerated Plaintiffs' Loan and posted

Plaintiffs' homestead property for foreclosure sale. A true and correct copy of the Notice of Substitute Trustee's Sale recorded in the Dallas County Clerk's office on November 15, 2010, is attached hereto marked Exhibit "F" and incorporated herein by reference for all purposes. Again, Plaintiffs never received this notice nor any other notices from Defendant CitiMortgage or its attorneys concerning acceleration of the Loan or posting of their Property for foreclosure sale, even though the Deed of Trust and Texas Property Code expressly require that such notices be provided to Plaintiffs.

4.12. On or about January 3, 2011, Plaintiffs yet again contacted Defendant CitiMortgage to inquire about their request for a workout of their monthly loan payments. This time they were told that there was no record of their proper request for a workout, but that all they needed to do was to go online and submit another request, which they immediately did. They were told that it would be a few weeks before someone would get back to them. At no point did anyone from Defendant CitiMortgage ever mention to Plaintiffs that their property had been posted for foreclosure sale, and that the sale was imminent, i.e. going to happen the next day.

4.13. In fact, the very next day, January 4, 2011, Plaintiffs received a confirmation e-mail from Defendant CitiMortgage which confirmed receipt of their on-line submission of their information. A true and correct copy of the confirmation e-mail from Defendant CitiMortgage dated January 4, 2011, is attached hereto marked Exhibit "G" and incorporated herein by reference for all purposes. **Once again, however, there is no mention of any pending foreclosure sale** (emphasis added).

4.14. On or about January 24, 2011, Plaintiffs received a letter from the Barrett Daffin et al. law firm dated January 19, 2011, advising that Defendant CitiMortgage had allegedly purchased their

property at a foreclosure sale held on January 4, 2011. **This is the first time that Plaintiffs had any knowledge of the alleged foreclosure sale.** (emphasis added). The letter further advised Plaintiffs that they must vacate the Property within 3-days or that a forcible detainer suit would be filed. A true and correct copy of the January 19, 2011 letter is attached hereto marked Exhibit "H" and incorporated herein by reference for all purposes.

4.15. On or about February 16, 2011, Defendant CitiMortgage, through its attorneys, filed an Original Petition for Forcible Detainer ("eviction petition") under Cause No. 02-EV-11-00085, in Colin County Justice Court, Precinct 2b, which eviction petition is scheduled for trial on May 8, 2011 at 10:00 a.m. **Interestingly, the eviction petition contains a copy of the Substitute Trustee's Deed (*see* Exhibit "B" to the eviction petition) which avers that Defendant CitiMortgage purchased the Property at the foreclosure sale in the amount of $163,911.50, which price is grossly inadequate considering the fact that the original loan amount in June 1999 was only $136,616, or the modified principal amount as of April 2002 was only $144,659.47, and that Plaintiffs had paid principal and interest payments on that amount for over nine (9) years and the loan had only been in default for about seven (7) months prior to the alleged foreclosure sale.** (emphasis added). A true and correct copy of the eviction petition with exhibits is attached hereto marked Exhibit "I" and incorporated herein by reference for all purposes.

**V.**

**FIRST CAUSE OF ACTION**
**REQUEST FOR A TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF**

5.1. Plaintiffs adopt by reference and reallege all material allegations set forth in section IV as if fully set forth herein.

5.2. The wrongful acts, conduct or omissions of Defendants CitiMortgage and/or MERS

in confirming that Plaintiff's Loan was current as of May 2010, and even though Plaintiffs informed Defendant CitiMortgage of their pending financial situation and sought relief, and instead Defendant CitiMortgage told Plaintiffs that no help would be available until they were several months delinquent, and then proceeding to declare default without ever providing Plaintiffs with any written notice of default and opportunity to cure, and instead proceeding to allegedly accelerate the Loan and post Plaintiffs homestead Property for foreclosure sale, again without providing Plaintiffs with any written notice as required by the Deed of Trust and Texas Property Code, and repeatedly assuring Plaintiffs that their request for a workout was being reviewed and pending, and then telling the Plaintiffs the day before the foreclosure sale that they needed to submit another workout package because there was no record of their several months worth of prior phone calls and inquiries and again failing to inform Plaintiffs about the imminent foreclosure sale the next day and even acknowledging receipt of Plaintiffs' on-line workout request, and then completing a foreclosure sale of Plaintiff's homestead Property and filing an eviction petition to evict Plaintiffs from the Property, all based upon a chain of assignments that is incomplete, lacking dates on some of the assignments, or containing different dates of execution and notarization on others, which is insufficient to prove that Defendant CiitMortgage and/or MERS actually held and owned the Note and Deed of Trust and had lawful authority to exercise the power of sale contained in the Deed of Trust, and for an alleged foreclosure sales price that is grossly inadequate given that it exceeded the modified principal as of April 2002 by over $20,000, and was current merely seven (7) months prior to the alleged foreclosure sale and had been paid upon for over nine (9) years prior to that time, pose an immediate and imminent threat and harm to Plaintiffs and their homestead Property, for which there is no adequate remedy at law, and should Defendants CitiMortgage and/or MERS, and any of their agents

or attorneys, be allowed to obtain a Judgment for Possession for the Property and execute a writ of possession, such threat and harm would constitute an irreparable injury to Plaintiffs.

5.3. Pursuant to Rule 680 of the Texas Rules of Civil Procedure, Plaintiffs hereby request that this Court enter a temporary restraining order commanding Defendants CitiMortgage, Inc. and/or MERS, and all of their agents or attorneys, including any Justice of the Peace, Constable or other peace officer acting under any judgment or writ of possession, to immediately cease and desist from any and all further acts to evict Plaintiffs, or any persons occupying the subject Property by or through Plaintiffs, and thereafter, that this Court enter a temporary injunction, after notice and hearing, against all Defendants and all of their agents or attorneys, including any Justice of the Peace, Constable, or other peace officer acting under any judgment or writ of possession, preventing said Defendants and all of their agents or attorneys, including any Justice of the Peace, Constable, or other peace officer acting under any judgment or writ of possession, from committing any further acts or conduct to evict Plaintiffs, or any persons occupying the subject Property by or through Plaintiffs, from the Property until the merits of Plaintiffs' causes of action as plead herein can be fully adjudicated by the trier of fact.

**VI.**

**SECOND CAUSE OF ACTION**
**WRONGFUL FORECLOSURE**

6.1. Plaintiffs adopt by reference and reallege all material allegations set forth in section IV and V as if fully set forth herein.

6.2. The acts, conduct or omissions of Defendants CitiMortgage and/or MERS, by informing and assuring Plaintiff that their Loan was current in May 2010, and then proceeding to declare default under the Loan without ever providing Plaintiffs with the required notice of default

and opportunity to cure, including specific information concerning the amount to cure the default, the time frame to cure the default or informing them of any of their other rights, and then proceeding to accelerate the Loan and post Plaintiffs' Property for foreclosure sale without providing Plaintiffs with any written notice as expressly required by the Deed of Trust and Texas Property Code, and allegedly purchasing the Property for a grossly inadequate, especially since there is no evidence that Defendants CitiMortgage were the actual holder an owner of the Note and Deed of Trust at the time of the foreclosure sale, constitute an act of wrongful foreclosure for which Plaintiffs has sustained and incurred damages within the jurisdictional limits of this Court.

6.3. Specifically, the acts, conduct or omissions of Defendants CitiMortgage and/or MERS, of purporting to accelerate the Loan and post Plaintiff's Property for foreclosure sale, without ever providing Plaintiff with a notice of default and opportunity to cure, and without ever providing Plaintiffs with a notice of acceleration or the notice of substitute trustee's sale thatb was posted in the County Clerk's office, also constitute an act of wrongful. In fact, the Deed of Trust itself is wholly insufficient and defective, and does not comport with the express requirements of the Texas Property Code, since it is devoid of any obligation that the beneficiary thereunder (allegedly Defendants CitiMortgage and/or MERS) provide the Grantor thereunder (Plaintiff) with a notice of default and opportunity to cure.

However, notwithstanding the lack of such express requirement within the Deed of Trust, TEX. PROP. CODE § 51.002, provides in pertinent part as follows:

> *"(d)* ***Notwithstanding any agreement to the contrary (emphasis added), the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b).*** " (emphasis added).

Again, at no point did Plaintiffs ever receive any notice from Defendants CitiMortgage and/or MERS by certified mail advising that their loan was in default and providing them with an opportunity to cure as required by the foregoing provision of the Texas Property Code, which acts, conduct or omissions constitute an irregularity and fatal defect in the foreclosure sale and an act of wrongful foreclosure for which Plaintiffs have sustained and incurred damages within the jurisdictional limits of this Court. Nor did Plaintiffs ever receive any notice of acceleration of the Loan, nor the written notice of substitute trustee's sale that was posted in the Collin County clerk's office as alleged herein, which also constitutes a direct breach of the Deed of Trust and another violation of the Texas Property Code.

6.4. Further, the alleged foreclosure sale evidenced by the Substitute Trustee's Deed is also wrongful in that there is no actual proof that Defendants CitiMortgage and/or MERS was/were the legal owner and holder of the Note and Deed of Trust at the time of the foreclosure sale, because the chain of alleged assignments of the Note and Deed of Trust is wrought with inconsistencies and inaccuracies such as missing dates of execution and notarization, and/or differing dates between actual execution and notarization, and/or being executed by someone who is actually an officer of the assignee and nor the assignor, all of which acts, conduct or omissions also constitute an irregularity and fatal defect in the foreclosure sale and an act of wrongful foreclosure for which Plaintiffs have sustained and incurred damages within the jurisdictional limits of this Court.

6.5. Moreover, the alleged foreclosure sale price of $163,911.50, is grossly inadequate in that the original loan amount was only $136,616 on June 23, 1999, and even as modified on April 1, 2002, was only $144,659.47, and Plaintiffs had paid principal and interest payments since that time and the Loan was only seven (7) months past due at the time of the alleged foreclosure sale, which

acts, conduct or omissions also constitute an irregularity and fatal defect in the foreclosure sale and an act of wrongful foreclosure for which Plaintiffs have sustained and incurred damages within the jurisdictional limits of this Court.

6.6. The acts, conduct or omissions of Defendants CitiMortgage and/or MERS in committing acts of wrongful foreclosure of the Plaintiffs' homestead Property as alleged herein were committed with malice or a conscious indifference as to the rights of Plaintiffs, and therefore, Plaintiffs are also entitled to an award of exemplary damages within the jurisdictional limits of this Court.

**VII.**

**THIRD CAUSE OF ACTION**
**DECLARATORY JUDGMENT TO VOID SUBSTITUTE TRUSTEE'S DEED AND QUIET TITLE**

7.1. Plaintiffs adopt by reference and reallege all material allegations set forth in section IV, V and VI as if fully set forth herein.

7.2. Pursuant to the Texas Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE § 37.001 et seq. ("Declaratory Judgment Act"), and because of the alleged completion of a foreclosure sale and recording of a Substitute Trustee's Deed, purporting to vest title to the Property in Defendant CitiMortgage based upon the wrongful acts, conduct or omissions of Defendants CitiMortgage and/or MERS as plead herein, Plaintiffs hereby seek a declaratory judgment declaring said Substitute Trustee's Deed, void, ab initio, and of no force or effect, and declaring that fee simple title, including the right to possession and quiet enjoyment of the subject Property, are vested and quieted in Plaintiffs, and award Plaintiffs all damages sustained and incurred as a result thereof within the jurisdictional limits of this Court.

VIII.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

8.1. Plaintiffs adopt by reference and reallege all material allegations set forth in sections IV, V, VI and VII as if fully set forth herein.

8.2. The acts, conduct or omissions of Defendant CitiMortgage also violate the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("Federal Fair Debt Act"), because Defendant CitiMortgage purports to be the servicer of the loan on behalf of Defendant MERS, as nominee of the original Lender, and is thus a "third-party debt collector" as that term is defined in the Federal Fair Debt Act, and because Defendant CitiMortgage wholly failed to provide Plaintiffs with any notice of default or opportunity to cure, and repeatedly assured Plaintiffs that their request for a workout of the Loan was being reviewed, and wholly failed to inform Plaintiffs that their Loan had been accelerated and their Property posted for foreclosure sale again without providing any of the required written notices, which constitutes a "misrepresentation of the character, amount or extent of the indebtedness" attempted to be collected in violation of the Federal Fair Debt Act and which is a producing cause of the damages sustained and incurred by Plaintiffs within the jurisdictional limits of this Court.

8.3. The acts, conduct or omissions of Defendant CitiMortgage in violating the Federal Fair Debt Act as alleged herein were committed with malice or a conscious indifference as to the rights of Plaintiffs, and therefore, Plaintiffs are entitled to an award of exemplary damages within the jurisdictional limits of this Court.

## IX.

## FIFTH CAUSE OF ACTION VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT

9.1. Plaintiffs adopt by reference and reallege all material allegations set forth in sections IV, V, VI, VII and VIII as if fully set forth herein.

9.2. The acts, conduct or omissions of Defendant CitiMortgage also violate the Texas Debt Collection Act, TEX. FIN. CODE § 392.001 et seq. ("Texas Debt Act"), because Defendant CitiMortgage purports to be the servicer of the loan on behalf of Defendant MERS, as nominee of the original Lender, and is thus a "third-party debt collector" as that term is defined in the Texas Debt Act, and because Defendant CitiMortgage wholly failed to provide Plaintiffs with any notice of default or opportunity to cure, and repeatedly assured Plaintiffs that their request for a workout of the Loan was being reviewed, and wholly failed to inform Plaintiffs that their Loan had been accelerated and their Property posted for foreclosure sale again without providing any of the required written notices, which constitutes a "misrepresentation of the character, amount or extent of the indebtedness" attempted to be collected in violation of the Texas Debt Act and which is a producing cause of the damages sustained and incurred by Plaintiffs within the jurisdictional limits of this Court.

9.3. The acts, conduct or omissions of Defendant CitiMortgage in violating the Texas Debt Act as alleged herein were committed with malice or a conscious indifference as to the rights of Plaintiffs, and therefore, Plaintiffs are entitled to an award of exemplary damages within the jurisdictional limits of this Court.

## X.

## SIXTH CAUSE OF ACTION
## DEMAND FOR FULL ACCOUNTING OF THE LOAN

10.1. Plaintiffs adopt by reference and reallege all material allegations set forth in sections IV, V, VI, VII, VIII and IX as if fully set forth herein.

10.2. Plaintiffs further demand that Defendants CitiMortgage and/or MERS provide Plaintiffs with a full and complete accounting for all payments of principal, interest, escrows for taxes, insurance or other reserves, fees billed, fees paid, late charges and assessments received, paid, claimed due or collected, as well as any and all other details concerning Defendants' acquisition, servicing, collection, or handling of the Loan, including any and all loan servicing agreement(s) to evidence Defendants' authority to exercise the rights and remedies of the holder and owner of the Note and/or Deed of Trust, or to collect the Loan payments as the servicer of the Loan.

## XI.

## ATTORNEY'S FEES AND COSTS

11.1. Plaintiffs adopt by reference and reallege all material allegations set forth in sections IV, V, VI, VII, VIII, IX and X as if fully set forth herein.

11.2. As a result of the various acts, conduct or omissions of all the Defendants as alleged herein, Plaintiffs were required to retain an attorney to seek all affirmative relief as prayed for herein. An award of attorney's fees and costs of court is authorized under the Declaratory Judgment Act, Federal Fair Debt Act and Texas Debt Act or other applicable law. Accordingly, Plaintiffs further requests that they be awarded all reasonable attorney's fees and costs of court incurred herein and in any subsequent appeal(s) of this cause.

## XII.

## TRIAL BY JURY

12.1. Plaintiffs hereby request that all issues of fact be tried before a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon the final trial of this cause:

1. The Court enter a temporary restraining order, and after notice and hearing, enter a temporary injunction preventing all Defendants, and all of their agents or attorneys, including any Justice of the Peace, Constable, or other peace officer acting under any judgment or writ of possession, from evicting or attempting to evict Plaintiffs, or any persons occupying the Property by or through Plaintiffs, until the merits of Plaintiffs' claims and causes of action as plead herein can be adjudicated by the trier of fact; and,

2. The jury or Court find and enter judgment in favor of Plaintiffs and against all Defendants, jointly and severally, for wrongful foreclosure and violations of the Federal Fair Debt Act and Texas Debt Act, and award Plaintiffs all damages sustained and incurred as a result thereof, including exemplary damages as plead herein; and,

3. The jury or Court find and enter judgment in favor of Plaintiffs and against all Defendants, jointly and severally, declaring: a) that the Substitute Trustee's Deed purporting to convey title to Defendant CitiMortgage based upon the wrongful acts, conduct or omissions of the Defendants as alleged herein is void, ab initio, and of no force or effect; and b) that fee simple title to the Property, and the rights to possession

and quiet enjoyment of the Property, is vested and quieted in Plaintiffs; and,

4. The jury or Court find and enter judgment in favor of Plaintiffs and against all Defendants, jointly or severally, to provide a full and complete accounting to Plaintiffs for all payments of principal, interest, escrows for taxes, insurance or other reserves, fees billed, fees paid, late charges and assessments received, paid, claimed due or collected, as well as any and all other details concerning Defendants' acquisition, servicing, collection, or handling of the Loan as plead herein, including copies of any and all loan servicing agreement(s) to evidence their authority to exercise the rights and remedies of the holder and owner of the Note and/or Deed of Trust, or to collect the Loan payments as the servicer of the Loan; and,

5. The jury or Court find and enter judgment in favor of Plaintiffs and against all Defendants, jointly and severally, for all court costs and attorney's fees incurred herein and in any subsequent appeal(s) of this cause; and,

6. For all other relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**ANTHONY J. FLORES, P.C.**

By:__________________________

Anthony J. Flores
State Bar No. 00796556
2824 Valley View Lane
Suite 102
Farmers Branch, Texas 75234
(972) 742-2251 [Telephone]
(972) 243-3444 [Facsimile]
anthony.jess.flores@gmail.com [E-Mail]

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF CONFERENCE**

Pursuant to the Collin County Local Rules, I hereby certify that on Monday March 7, 2011, I faxed a copy of the foregoing Plaintiffs' Original Verified Petition to Mr. Steve Porter, who is one of the partners and attorneys of the law firm of Barrett Daffin Frappier Turner & Engel, which represents the Defendants in the eviction proceedings as described herein, and that I advised Mr. Porter that I would be filing the petition and seeking a temporary restraining order (TRO) to stop the eviction proceeding on the morning of March 8, 2010, sometime prior to the eviction trial scheduled at 10:00 a.m., and that I also called Mr. Porter to discuss the same at least two (2) hours prior to filing of the petition, and that no agreement could be reached, and therefore, the matter is submitted to the Court for determination on the merits

__________________________
Anthony J. Flores

**VERIFICATION**

STATE OF TEXAS §
§
COUNTY OF COLLIN §

BEFORE ME, the undersigned notary public, on this day personally appeared MONTE R. WOOD, JR., known to me personally or identified through official identification to be the person whom she purports to be, who after being duly sworn, stated under oath that he is one of the Plaintiffs in the foregoing Plaintiffs' Original Verified Petition; that he has read and understands all of the allegations set forth therein and that every statement contained therein is within his personal knowledge and is true and correct.

Monte Wood
MONTE R. WOOD, JR

GIVEN under my hand and seal of office this 7th day of March 2011, by MONTE R. WOOD, JR..

Notary Public in and for the State of Texas
Anthony J. Flores
Printed Name of Notary Public

My Commission Expires:
07/24/2011

