# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| MONTE R. WOOD and KELLIE M. WOOD | § § § | |
| v. | § § | Case No. 4:11cv139 (Judge Mazzant) |
| CITIMORTGAGE, INC. and MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is CitiMortgage, Inc. ("CitiMortgage") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion for Summary Judgment (Dkt. #20). Having considered the relevant pleadings, the Court finds that the motion should be granted.

### Background

This is a dispute over a mortgage. On June 24, 1999, Monte Wood borrowed $136,616 (the "Loan") from Service First Mortgage Corporation ("Service First") to purchase the property located at 219 Tanglewood Drive, Wylie, Collin County, Texas 75098 (the "Property"). Monte Wood signed a promissory note (the "Note") in which he promised to repay to Service First and its successors and assigns the $136,616 plus interest and any other applicable charges as provided in the Note, and that if he did not make the monthly payments when due, he would be in default. In connection with the Note, Plaintiffs signed a Deed of Trust, in which they pledged the Property as collateral for the Note. Plaintiffs do not dispute that they signed the Deed of Trust.

On or about July 9, 1999, Service First endorsed the Note to Principal Residential Mortgage, Inc., ("Principal") who then became the lender entitled to enforce the Note and Deed of Trust. Monte Wood was informed that Principal was the new servicer of the debt and that he was to send

all future Note payments to Principal.

On April 1, 2002, Monte Wood entered into a Loan Modification Agreement, which, among other things, acknowledged Principal as the lender and that the obligations created by the Note and secured by the Deed of Trust are valid and enforceable by Principal. On April 22, 2002, Principal assigned the Deed of Trust to MERS.

On December January 1, 2005, Principal merged with CitiMortgage, and CitiMortgage became entitled to enforce the Note and Deed of Trust. By letter dated December 23, 2004, Monte Wood was told about the merger, that CitiMortgage would be taking over servicing of the Loan, and that Monte Wood was required to make all future payments on the Note to CitiMortgage. The Note was endorsed in blank by Principal and CitiMortgage is in possession of the original Note.

In 2006, MERS assigned the Deed of Trust lien to CitiMortgage. All payment activity on the Loan is reflected in the Loan's payment history, which is electronically maintained by CitiMortgage. All communications and transactions between the lender and the borrower are recorded in the electronically maintained system notes for the Loan.

According to the payment history and system notes, in March 2010, CitiMortgage agreed to provide Plaintiffs a loan modification, the first payment under which was due May 1, 2010. Plaintiffs failed to make the first payment under the loan modification as well as subsequent payments. The last full payment on the Note that CitiMortgage received from Plaintiffs was on March 24, 2010, which only brought the Note current up to the April 1, 2010 payment. Plaintiffs admit that at the time of the foreclosure sale, they were in default by at least seven (7) months.

As a result of the 2010 Loan default, on July 2, 2010, CitiMortgage notified Plaintiffs by certified mail that they were in default, that they had thirty days to cure the amount of the default by paying to CitiMortgage the amount of the default, $5,134.64, and that failure to cure the default would result in acceleration of the debt (the "Notice of Default"). Plaintiffs did not cure the Loan default and CitiMortgage engaged counsel to foreclose on the Property.

By letter dated November 11, 2010, CitiMortgage's foreclosure counsel notified Plaintiffs by certified mail that CitiMortgage had accelerated the debt and that the entire remaining balance of the Note was due and owing (the "Notice of Acceleration"). The Notice of Acceleration also stated that a Substitute Trustee had been appointed to sell the Property at a foreclosure sale on January 4, 2011 (the "Notice of Substitute Trustee Sale"). The Notices were sent by certified mail to each of the Plaintiffs at the address on file with CitiMortgage for Plaintiffs, which was the Property address.

Prior to the foreclosure sale, Plaintiffs failed to tender the amounts due and owing on the Loan. As a result, CitiMortgage sold the Property at foreclosure at the date and time noticed in the Notice of Substitute Trustee's sale--January 4, 2011. The Property sold at foreclosure for $163,911.50. CitiMortgage purchased the Property at the sale and is currently the owner of record of the Property. At the time of the foreclosure sale, Plaintiffs had no equity in the Property. The sale price was the total amount of the debt owed at that time, which was greater than the estimated market value of the Property around the time of the foreclosure sale.

According to CitiMortgage's system notes for the Loan, there is no record of any representation made by CitiMortgage to Plaintiffs in May 2010 or any other time in which Plaintiffs


were told to stop making payments in order to qualify for assistance with the Loan. The system notes reflect no verbal communication at all between CitiMortgage and Plaintiffs in May 2010. There is no notation or unusual entry in the notes or loan documents suggesting any sort of error in the way communications or events were recorded or maintained in CitiMortgage's system notes or loan file for Plaintiffs' account.

Plaintiffs failed to tender the amounts due and owing on the Loan, yet they continue to reside at the Property. Were the foreclosure sale rescinded and the Note reinstated, the amount that Plaintiffs would have to pay to bring the Note current as of January 17, 2012 would be $32,913.21.

On January 17, 2012, Defendants filed a motion for summary judgment (Dkt. #20). Plaintiffs did not file a response.

### Summary Judgment Standard

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

**Analysis**

Plaintiffs assert the following claims against Defendants: wrongful foreclosure; declaratory judgment/suit-to-quiet; violations of the Fair Debt Collection Practices Act; violations of the Texas Debt Collection Act; and various claims for equitable relief. Defendants assert they are entitled to summary judgment as to all claims asserted by Plaintiffs because there is no evidence of, and the only summary judgment evidence conclusively negates, at least one element of each of these claims.

Defendants assert that Plaintiffs' wrongful foreclosure claims fails because there is no competent evidence supporting any element of the claim. To prevail on a claim for wrongful foreclosure requires a showing of "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.-Corpus Christi

2008, no pet.) (citing *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.-Houston [14th Dist.] 1989, writ denied)). Allegations only of a defect in the foreclosure proceedings are insufficient; rather, it is also necessary that an inadequate selling price resulted from the defect. *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.-San Antonio 1998, no pet.).

Plaintiffs allege that the foreclosure sale was wrongful because: (1) CitiMortgage allegedly did not have authority/standing to foreclose; (2) CitiMortgage allegedly misled the Plaintiffs about the status of the loan and their request for a loan workout; and (3) CitiMortgage allegedly did not provide Plaintiffs the requisite foreclosure notices. Defendant asserts that there is no evidence of any of these allegations. The Court agrees that Plaintiffs offer no evidence to establish a fact issue on any of these issues. Defendants provide evidence that there was not a defect in the foreclosure sale proceedings or that there was an inadequate sale price.

Defendants also assert that there is no evidence supporting a declaration invalidating the foreclosure sale or the substitute trustee's deed. Defendants assert that Plaintiffs are not entitled to a declaratory judgment rescinding the foreclosure sale and invalidating the Substitute Trustee's Deed because there is no evidence that the foreclosure sale was unlawful, and the only summary judgment evidence conclusively negates this contention. The Court agrees. Moreover, Plaintiffs admitted that they have not tendered all amounts due and owing.

Defendants next assert that Plaintiffs' claims for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Act ("TDCA") fail because they are inapplicable or are wholly lacking any evidentiary support. The Court agrees. CitiMortgage was a creditor and there is no evidence that when CitiMortgage acquired the debt that the debt was in

default. Furthermore, under the facts of this case, the FDCPA and TDCA are inapplicable to Plaintiffs' claims because the mere act of enforcing a security interest, as here, including the act of foreclosing on that interest, is not actionable under either the FDCPA or the TDCA. Moreover, Plaintiffs present no evidence of ant violation of the FDCPA or TDCA.

Finally, Defendants assert that there is no evidence of causation or damages. Plaintiffs allege that the violations of the FDCPA and TDCA were a "producing cause of the damages sustained and incurred by Plaintiffs," but there is no evidence of any damages or that they were caused by any violation of these statutes. The Court agrees.

It is therefore ORDERED that CitiMortgage, Inc. and Mortgage Electronic Registration Systems, Inc.'s Motion for Summary Judgment (Dkt. #20) is hereby GRANTED and Plaintiffs' case shall be DISMISSED with prejudice.

**SIGNED this 28th day of February, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE